Court: Circuit
Judge: William Thompson
Case Type: Civil
Case Style: VINCENT ADKINS, ET AL v. MARFORK COAL CO, LLC, ET AL

County: 03- Boone
Created Date: 1/15/2020
Case Sub Type: Other

Case Number: CC-03-2020-C-7
Status: Open
Security Level: Public

| Document Type | Document Origin | Docket Entry Description | Document Description | Filing Date |
|---|---|---|---|---|
| Complaint | Scanning - Vault with Security | CIVIL CASE INFO STATEMENT, COMPLAINT, EXHIBIT A | CIVIL CASE INFO STATEMENT, COMPLAINT, EXHIBIT A | 1/15/2020 |
| Supporting Document | E-file | Reissue/Additional Summons - Plaintiff's Timestamped Complaint which needs to be served upon the three defendant's listed on the CCIS via Secretary of State. The Complaint was filed before implementation of Boone Co. going to the e-file system. It was returned to the attorney for service, however, the attorney wants it served through the court, thus causing this e-file for service | Plaintiff's Complaint and Civil Case Information Statement | 3/17/2020 |
| Transmittal | E-file | Reissue/Additional Summons - Plaintiff's Timestamped Complaint which needs to be served upon the three defendant's listed on the CCIS via Secretary of State. The Complaint was filed before implementation of Boone Co. going to the e-file system. It was returned to the attorney for service, however, the attorney wants it served through the court, thus causing this e-file for service | | 3/17/2020 |
| Summons | E-file | Reissue/Additional Summons - Plaintiff's Timestamped Complaint which needs to be served upon the three defendant's listed on the CCIS via Secretary of State. The Complaint was filed before implementation of Boone Co. going to the e-file system. It was returned to the attorney for service, however, the attorney wants it served through the court, thus causing this e-file for service | | 3/17/2020 |
| Supporting Document | E-file | Supporting Documents - CERTIFIED MAIL OF SUMMONS & COMPLAINT | CERTIFIED MAIL OF SUMMONS & COMPLAINT | 3/17/2020 |
| Transmittal | E-file | Supporting Documents - CERTIFIED MAIL OF SUMMONS & COMPLAINT | | 3/17/2020 |
| Supporting Document | E-file | Supporting Documents - REC'D CERT MAIL CARD BACK FROM MARFORK COAL | REC'D CERT. MAIL CARD BACK FROM MARFORK COAL | 3/27/2020 |
| Transmittal | E-file | Supporting Documents - REC'D CERT MAIL CARD BACK FROM MARFORK COAL. | | 3/27/2020 |
| Service Return | E-file | Supporting Documents - CERTIFIED MAIL GREEN CARD RET'D SIGNED BY ERNIE RAMSEY FOR CONTURA ENERGY INC | CERTIFIED MAIL GREEN CARD RET'D SIGNED BY ERNIE RAMSEY FOR CONTURA ENERGY INC | 3/30/2020 |
| Transmittal | E-file | Supporting Documents - CERTIFIED MAIL GREEN CARD RET'D SIGNED BY ERNIE RAMSEY FOR CONTURA ENERGY INC | | 3/30/2020 |

04/22/2020 10:25 3043697326 BOONE CO CIRCUIT CLK PAGE 03/03

| Document Id | Document Type | Document Origin | Docket Entry Description | Document Description | Filing Dat |
|---|---|---|---|---|---|
| D-1 | Service Return | E-file | Service Return - SERVICE RETURN OF SUMMONS & COMPLAINT SVD ON MARFORK COAL CO. LLC BY WVSOS ON 04-15-2020 | OF SUMMONS & COMPLAINT SVD ON MARFORK COAL CO LLC BY WVSOS ON 4-15-2020 | 4/20/2020 |
| C-2 | Transmittal | E-file | Service Return - SERVICE RETURN OF SUMMONS & COMPLAINT SVD ON MARFORK COAL CO. LLC BY WVSOS ON 04-15-2020 | | 4/20/2020 |
| C-1 | Service Return | E-file | Service Return - SVC RTN OF SUMMONS & COMPLAINT REC'D FROM WVSOS | SVC RTN OF SUMMONS & COMPLAINT REC'D FROM WVSOS | 4/20/2020 |
| D-2 | Transmittal | E-file | Service Return - SVC RTN OF SUMMONS & COMPLAINT REC'D FROM WVSOS | | 4/20/2020 |

E-FILED | 3/11/2020 9:25 AM
CC-03-2020-C-7
Boone County Circuit Clerk
Sue Zickefoose

# Request for Legal Process to be Served by the West Virginia Secretary of State

Please serve the named defendant  MARFORK COAL CO, LLC; ET AL
in the attached matter according to the provision of applicable law.

☐ §21A-5-17c     Service on non-resident employer & others liable for unemployment comensation payments

☐ §29-19-14      Service on professional fund raising counsel, nonresident charitable organizations or professional solicitors soliciting contributions from people in this State

☑ §31D-5-504 & §56-3-13     Service on authorized domestic corporation

☐ §31D-15-1510   Service on unauthorized foreign corporation

☐ §31B-1-111 & §31B-9-906    Service on authorized domestic or foreign limited liability company

☐ §33-4-12       Service on licensed insurer

☐ §33-4-13 & §33-2-22      Service on unlicensed or unauthorized foreign insurer

☐ §38-1A-7 & §38-1A-8      Service on non-resident trustee of a security trust

☐ §46A-2-137     Service on certain nonresidents under WV Consumer Credit and Protection Act

☐ §47-9-4        Service on authorized domestic or foreign limited partnership formed under §47-9, or limited liability partnership (LLP) formed under §47B-10 (see also §56-3-13a, §47B-9-6)

☐ §47-9-4        Service on unauthorized foreign limited partnership or LLP

☐ §56-3-31       Service on nonresident motor vehicle operator involved in an accident in this state, or on his/her insurer

☐ §56-3-31       Service on individual under the long-arm statute because the individual is:

    ☐ (1)   Transacting business in this state

    ☐ (2)   Contacting to supply services or things in this state

    ☐ (3)   Causing tortious injury in this state by act or omission (see §56-3-33(4) for description of causing tortious inury)

    ☐ (4)   Non-support of minor children (pusuant to Lozinski v. Lozinski)

    ☐ (5)   Causing injury in this state by breach of warranty

    ☐ (6)   Having interest in, using or possessing real property in this state

    ☐ (7)   Contracting to insure person, property or risk located in WV at the time of contracting

☐ §38-5A-5       Service of suggestee execution as provided for in §38-5A

# SUMMONS



E-FILED | 3/17/2020 9:25 AM
CC-03-2020-C-7
Boone County Circuit Clerk
Sue Zickefoose

IN THE CIRCUIT OF BOONE WEST VIRGINIA
**VINCENT ADKINS; ET AL v. MARFORK COAL CO, LLC; ET AL**

Service Type:    Secretary of State - Certified - Including Copy Fee

NOTICE TO:    MARFORK COAL CO, LLC; ET AL, 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

J. Zatezalo, 1358 National Rd, Wheeling, WV 26003

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

3/17/2020 9:25:52 AM                    /s/ Sue Zickefoose
Date                                              Clerk

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Complaint to

☐ Not Found in Bailiwick

Date                                    Server's Signature

E-FILED   2020 Mar 09 9:25 AM
CC-03-2020-C-7
Boone County Circuit Clerk
Sue Zickefoose

# Request for Legal Process to be Served by the West Virginia Secretary of State

Please serve the named defendant  CONTURA ENERGY, INC; ET AL
in the attached matter according to the provision of applicable law.

☐ §21A-5-17c    Service on non-resident employer & others liable for unemployment comensation payments

☐ §29-19-14    Service on professional fund raising counsel, nonresident charitable organizations or professional solicitors soliciting contributions from people in this State

☑ §31D-5-504 & §56-3-13    Service on authorized domestic corporation

☐ §31D-15-1510    Service on unauthorized foreign corporation

☐ §31B-1-111 & §31B-9-906    Service on authorized domestic or foreign limited liability company

☐ §33-4-12    Service on licensed insurer

☐ §33-4-13 & §33-2-22    Service on unlicensed or unauthorized foreign insurer

☐ §38-1A-7 & §38-1A-8    Service on non-resident trustee of a security trust

☐ §46A-2-137    Service on certain nonresidents under WV Consumer Credit and Protection Act

☐ $47-9-4    Service on authorized domestic or foreign limited partnership formed under §47-9, or limited liability partnership (LLP) formed under §47B-10 (see also §56-3-13a, §47B-9-6)

☐ §47-9-4    Service on unauthorized foreign limited partnership or LLP

☐ §56-3-31    Service on nonresident motor vehicle operator involved in an accident in this state, or on his/her insurer

☐ §56-3-31    Service on individual under the long-arm statute because the individual is:

     ☐ (1)   Transacting business in this state

     ☐ (2)   Contacting to supply services or things in this state

     ☐ (3)   Causing tortious injury in this state by act or omission (see §56-3-33(4) for description of causing tortious inury)

     ☐ (4)   Non-support of minor children (pusuant to Lozinski v. Lozinski)

     ☐ (5)   Causing injury in this state by breach of warranty

     ☐ (6)   Having interest in, using or possessing real property in this state

     ☐ (7)   Contracting to insure person, property or risk located in WV at the time of contracting

☐ §38-5A-5    Service of suggestee execution as provided for in §38-5A

**SUMMONS**



E-FILED | 3/17/2020 9:25 AM
CC-03-2020-C-7
Boone County Circuit Clerk
Sue Zickefoose

## IN THE CIRCUIT OF BOONE WEST VIRGINIA

### VINCENT ADKINS; ET AL v. MARFORK COAL CO, LLC; ET AL

Service Type:     Secretary of State - Certified - Including Copy Fee

NOTICE TO:     CONTURA ENERGY, INC; ET AL, 340 MARTIN LUTHER KING JR., BLVD, BRISTOL, TN 37620

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

J. Zatezalo, 1358 National Rd, Wheeling, WV 26003

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

3/17/2020 9:25:52 AM                    /s/ Sue Zickefoose
_____              _____
Date                                              Clerk

RETURN ON SERVICE:

☐  Return receipt of certified mail received in this office on  _____

☐  I certify that I personally delivered a copy of the Summons and Complaint to  _____

_____

☐ Not Found in Bailiwick

_____              _____
Date                                              Server's Signature

**Plaintiff:** Vincent Adkins, _, et al_    **Case Number:** _____

vs.

**Defendant:** Marfork Coal Company, LLC _, et al_

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

Contura Energy, Inc.
_____
Defendant's Name

340 Martin Luther King Jr. Blvd    Days to Answer:   30
_____
Street Address

Bristol, TN 37620    Type of Service: Certified Mail
_____
City, State, Zip Code

Alpa Natural Resource Services, LLC
_____
Defendant's Name

340 Martin Luther King Jr. Blvd    Days to Answer:   30
_____
Street Address

Bristol, TN 37620    Type of Service: Certified Mail
_____
City, State, Zip Code

_____
Defendant's Name

   Days to Answer: _____
_____
Street Address

   Type of Service: _____
_____
City, State, Zip Code

_____
Defendant's Name

   Days to Answer: _____
_____
Street Address

   Type of Service: _____
_____
City, State, Zip Code

_____
Defendant's Name

   Days to Answer: _____
_____
Street Address

   Type of Service: _____
_____
City, State, Zip Code

_____
Defendant's Name

   Days to Answer: _____
_____
Street Address

   Type of Service: _____
_____
City, State, Zip Code

_____
Defendant's Name

   Days to Answer: _____
_____
Street Address

   Type of Service: _____
_____
City, State, Zip Code

IN THE CIRCUIT COURT OF BOONE COUNTY, WEST VIRGINIA

VINCENT E. ADKINS,
ELISHA ADKINS, his wife,
VINCENT M. ADKINS, his son, and
BRIELLA ADKINS, his daughter,

       Plaintiffs;

v.

MARFORK COAL COMPANY, LLC,
a West Virginia corporation,

and

CONTURA ENERGY INC.,
a Delaware corporation,

and

ALPHA NATURAL RESOURCES
SERVICES, LLC,

       Defendants.

CIVIL ACTION NO. _____

JUDGE _____

RECEIVED
JAN 1 5 2020
BOONE COUNTY CIRCUIT CLERK
SUE ANN ZICKEFOOSE

## COMPLAINT

NOW COMES the Plaintiffs, Vincent E. Adkins, Elisha Adkins, Vincent M. Adkins and Briella Adkins, by and through their counsel and pursuant to W.Va. Code § 23-4-2(e), who for their complaint against the Defendants, Marfork Coal Company, LLC, Contura Energy Inc., and Alpha Natural Resources Services, LLC state as follows:

    1.    The Plaintiffs, Vincent E. Adkins, Elisha Adkins, Vincent M. Adkins and Briella Adkins, are and have been, at all times material and relevant herein, residents of Madison, Boone County, West Virginia.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
: 304-845-5600
: 304-845-5604

One Gateway Center
120 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
412-502-5000
412-709-6343

bordaslaw.com

2.     The Defendant, Marfork Coal Company, LLC ("Marfork"), is and has been, at all times material and relevant herein, a West Virginia limited liability company with its principal place of business at 370 Packsville/Marfork Road, Whitesville, Boone County, West Virginia 25209. Marfork is a coal company with operations in West Virginia. The Defendant's registered agent for service in West Virginia is Corporation Service Company located at 209 West Washington Street, Charleston, West Virginia 25302. At all times material and relevant to this Complaint, the Defendant Marfork Coal Company, LLC was engaged in operations in Boone County and Raleigh County, West Virginia.

3.     The Defendant, Contura Energy Inc. ("Contura"), is and has been, at all times material and relevant herein, a Delaware corporation with its principal place of business at 340 Martin Luther King, Jr. Blvd., Bristol, Tennessee 37620. Contura is a coal company with operations in West Virginia. The Defendant's registered agent for service is Corporation Service Company located at 251 Little Falls Drive, Wilmington, Delaware 19808. At all times material and relevant to this Complaint, the Defendant Contura Energy Inc. was engaged in operations in Boone County, West Virginia.

4.     The Defendant, Alpha Natural Resources Services, LLC ("Alpha"), is and has been, at all times material and relevant herein, a Delaware corporation with its principal place of business at 340 Martin Luther King, Jr. Blvd., Bristol, Tennessee 37620. Alpha is a coal company with operations in West Virginia. The Defendant's registered agent for service in West Virginia is

2

Corporation Service Company located at 209 West Washington Street, Charleston, West Virginia 25302. At all times material and relevant to this Complaint, the Defendant Alpha was engaged in operations in Raleigh County, West Virginia.

5.     At all times material and relevant herein, the Plaintiff, Vincent Adkins, was an employee of the Defendants.

6.     The incident which gives rise to Plaintiffs' causes of action against the Defendants occurred on or about March 18, 2019 at the Horse Creek Eagle Mine, located in or near Naoma, Raleigh County, West Virginia.

7.     The Defendants are vicariously liable for the actions of their employees, agents, and/or Vincent Adkins's supervisors in causing injury to Vincent Adkins in accordance with W.Va. Code § 23-4-2(d)(2).

8.     Pursuant to W.Va. Code § 23-4-2(d)(2)(C)(i), a verified statement from a person with knowledge and expertise of the workplace safety statutes, rules, regulations and consensus industry safety standards specifically applicable to the industry and workplace involved in Vincent Adkins's injuries is attached hereto as **Exhibit 1**.

### FACTS

9.     On or around March 18, 2019, the Defendants required the Plaintiff, Vincent Adkins, to work as a roof bolter operator at the Defendants' Horse Creek Eagle Mine (the "Mine"). Mr. Adkins' regular job title at the Mine at that time was shuttle car operator.

3

10.   On March 18, 2019, while in the process of installing permanent roof support in the #3 Entry of the #1 Section of the Mine, as required by the Defendants, the Plaintiff, Vincent Adkins, received serious, compensable injuries to his head and brain, including fractures, when a 53" T3 roof strap rotated with a drill steel being used to install said strap and struck Vincent Adkins on the left side of his head. As a result, the Plaintiff, Vincent Adkins, sustained a fracture of his skull and facial bones, an epidural hemorrhage with a loss of consciousness, compression of his brain, acute respiratory failure, convulsions, and a traumatic brain injury among other harmful sequellae.

11.   The root cause of Mr. Adkins' injuries was the Defendants' requiring Mr. Adkins to perform roof bolting tasks that were outside the scope of his work as a shuttle car operator, and the Defendants' failure to train the Plaintiff, Vincent Adkins, on the equipment used to complete the roof bolting tasks, including the Fletcher roof bolting machine and the Joy 1415 continuous mining machine.

12.   The Defendants' conduct, as described in Paragraphs 10 and 11 above, caused serious compensable injuries to the Plaintiff, Vincent Adkins, that required in-patient hospitalization.

## LIABILITY

13.   The allegations contained in Paragraphs 1-12, above, are incorporated herein fully by reference.

14.    Defendants' actions toward the Plaintiff, Vincent Adkins, violated West Virginia Code Section § 23-4-2 in multiple respects as described herein.

15.    At all times material and relevant herein, specific unsafe working conditions existed in Vincent Adkins's workplace which presented a high degree of risk and a strong probability of serious injury or death, including that:

A.    there existed a significant likelihood that an untrained roof bolter would be struck in the head, face and/or body during T3 roof strap installations;

B.    the Defendants required Vincent Adkins to work a job with which he was unfamiliar and unqualified, specifically as a roof bolter operator in #3 Entry of the #1 Section, without providing Mr. Adkins with the appropriate training, including but not limited to task training on the equipment used to complete the roof bolting tasks, including the Fletcher roof bolting machine and the Joy 1415 continuous mining machine;

B.    the Defendants required Vincent Adkins to work as a roof bolter operator in #3 Entry of the #1 Section without providing appropriate training, including but not limited to task training on the proper and safe installation of T3 roof straps;

C.    the Defendants failed to instruct Vincent Adkins in the particular dangers incident to the roof bolting operations that the Defendants assigned to Mr. Adkins;

5

D.  the Defendants failed to examine the workplace for hazardous conditions and failed to eliminate the hazard created by assigning an untrained miner to operate the roof bolting equipment;

E.  the Defendants failed to follow the State-approved roof control plan by ordering an untrained miner to operate roof bolting equipment that placed Vincent Adkins and others at risk of serious injury or death;

F.  the Defendants failed to maintain the Mine in a manner that comported with all applicable laws and regulations designed for the safety of individuals similarly situated to Vincent Adkins; and

G.  potentially in other ways, as yet unknown to the Plaintiffs.

16.  At all times material and relevant herein, and prior to the injuries to Vincent Adkins, Defendants, acting by and through their employees, agents and/or representatives, had actual knowledge of the existence of the specific unsafe working conditions and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition insofar as the Defendants knew, at a minimum, that Mr. Adkins' regular job assignment was shuttle car operator but that the Defendants were requiring Vincent Adkins to perform roof bolting operations in the #3 Entry of the #1 Section of the Mine, for which Mr. Adkins was unqualified and untrained, without warning or instructing Mr. Adkins on the health and safety hazards posed by the installation of the T3 roof straps, the safe operating procedures related to the assigned tasks, the protective measures a miner can

6

take against said hazards, and/or the contents of the Mine's hazardous communications program.

17.    At all times material and relevant herein, the specific unsafe working conditions described in Paragraph 15 above violated the commonly accepted and well-known safety standards within the coal mining industry and applicable and specific state and federal safety statutes, rules and/or regulations including, at a minimum:

A.    30 CFR § 48.7(a)(1);

B.    30 CFR 48.7(a)(2)(i) and (ii);

C.    30 CFR 48.7(b);

D.    30 CFR 75.220(a)(1);

E.    30 CFR 75.362(a)(1);

F.    30 CFR 75.363(a);

G.    W.Va. Code § 22A-2-14;

H.    W.Va. C.S.R. § 36-10-16; and

I.    W.Va. C.S.R. § 36-21-4.1

18.    Notwithstanding the Defendants' actual knowledge of the specific unsafe working conditions that existed in Vincent Adkins's workplace, which presented a high degree of risk and a strong probability of serious injury or death and violated state and federal safety statutes, rules and/or regulations and commonly accepted and well-known safety standards within the coal mining industry, the Defendants nevertheless intentionally thereafter exposed

7

Vincent Adkins to the specific unsafe working condition through their conduct as described above.

19.   As a direct and proximate result of the Defendants' exposure of Vincent Adkins to the specific unsafe working conditions, Vincent Adkins suffered serious, compensable injuries as more fully described herein.

20.   The Defendants are fully liable for the acts of their respective agents and employees who were operating within the course and scope of their employment and/or agency relationships pursuant to the doctrines of vicarious liability and/or actual or implied agency or other common law or statutory theories of liability.

21.   The Defendants are fully liable for the severe injuries to Vincent Adkins as a result of their own misconduct, through the misconduct of their controlled subsidiaries and/or subcontractors, and/or through the theories of joint and several liability, joint venture, or other common law or statutory theories.

## DAMAGES

22.   The allegations contained in Paragraphs 1-21, above, are incorporated herein fully by reference.

23.   As a direct and proximate result of the Defendants' conduct in exposing Vincent Adkins to specifically unsafe working conditions, of which the Defendants had actual knowledge, Vincent Adkins suffered serious, compensable, physical injuries to his head, face, brain, and various other parts of his body, some of which are permanent in nature. More specifically,

8

the Plaintiff, Vincent Adkins, sustained a fracture of his skull and facial bones, an epidural hemorrhage with a loss of consciousness, compression of his brain, acute respiratory failure, convulsions, and a traumatic brain injury among other harmful sequellae as a result of the Defendant's conduct as described herein.

24.   As a direct and proximate result of the Defendants' conduct in exposing Vincent Adkins to specifically unsafe working conditions, of which the Defendants had actual knowledge, Vincent Adkins has suffered serious, compensable physical pain, mental and emotional anguish, psychological damage and a loss of his ability to fully function, enjoy life and earn a living.

25.   As a direct and proximate result of the Defendants' conduct in exposing Vincent Adkins to specifically unsafe working conditions, of which the Defendants had actual knowledge, Vincent Adkins is reasonably certain to incur serious, compensable physical pain, mental and emotional anguish, psychological damage and a loss of his ability to fully function, enjoy life and earn a living in the future.

26.   As a direct and proximate result of the Defendants' conduct in exposing Vincent Adkins to specifically unsafe working conditions, of which the Defendants had actual knowledge, Vincent Adkins has lost income and has lost the capacity to earn income.

27.   As a direct and proximate result of the Defendants' conduct in exposing Vincent Adkins to specifically unsafe working conditions, of which

the Defendants had actual knowledge, Vincent Adkins is reasonably certain to lose income and the capacity to earn income in the future.

28.     As a direct and proximate result of the Defendants' conduct in exposing Vincent Adkins to specifically unsafe working conditions, of which the Defendants had actual knowledge, Vincent Adkins has incurred medical expenses for treatment of his workplace injuries.

29.     As a direct and proximate result of the Defendants' conduct in exposing Vincent Adkins to specifically unsafe working conditions, of which the Defendants had actual knowledge, Vincent Adkins is reasonably certain to incur medical expenses in the future for treatment of his workplace injuries.

30.     As a direct and proximate result of Vincent Adkins's exposure to the specific unsafe working condition the Plaintiff, Elisha Adkins, has suffered, and is reasonably certain to continue to suffer, a loss of the society, support, comfort, companionship, guidance, services, kindly offices, advice, protection, care and assistance provided by the Plaintiff, her husband, Vincent Adkins.

31.     As a direct and proximate result of Vincent Adkins's exposure to the specific unsafe working condition the Plaintiff, Vincent M. Adkins, has suffered, and is reasonably certain to continue to suffer, a loss of the society, support, comfort, companionship, guidance, services, kindly offices, advice, protection, care and assistance provided by the Plaintiff, his father, Vincent Adkins.

32.     As a direct and proximate result of Vincent Adkins's exposure to the specific unsafe working condition the Plaintiff, Briella Adkins, has

suffered, and is reasonably certain to continue to suffer, a loss of the society, support, comfort, companionship, guidance, services, kindly offices, advice, protection, care and assistance provided by the Plaintiff, her father, Vincent Adkins.

WHEREFORE, the Plaintiffs, Vincent E. Adkins, Elisha Adkins, Vincent M. Adkins and Briella Adkins, respectfully pray that judgment be entered against the Defendants, Marfork Coal Company, LLC, Contura Energy Inc., and Alpha Natural Resources Services, LLC, jointly and severally, for an amount that will fully, fairly and reasonably compensate the Plaintiffs for all the damages caused by the conduct of the Defendants; for the costs, expenses and attorneys' fees incurred in pursuit of this action; for prejudgment and post-judgment interest; for any other specific or general relief as may become apparent as this matter progresses and for any such other relief as this Court deems proper.

<u>**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES**</u>.

VINCENT E. ADKINS, ELISHA ADKINS,
VINCENT M. ADKINS, and BRIELLA
ADKINS, Plaintiffs

BY:

James G. Bordas, III, Esq. (#8518)
J. Zachary Zatezalo, Esq. (#9215)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
(304) 242-8410

Brooks West, Esq. (#10493)
David Dobson, Esq. (#12092)
WEST LAW FIRM LC
1201 Jefferson Road
S. Charleston, WV 25309
(304) 343-9378
*Counsel for Plaintiffs*

**Jack Spadaro**
**Mine Safety & Health/Environmental Consultant**
**Post Office Box 442**
**Hamlin, WV 25523**

RECEIVED
JAN 15 2020
BOONE COUNTY CIRCUIT CLERK
SUE ANN ZICKEFOOSE

Office: 304-824-3589
Cell: 304-590-6447
Email: spadarojack@aol.com

Environmental Investigations Mining
Mine Accident Investigations

## VERIFIED STATEMENT OF JACK SPADARO

Please accept this verified statement as a summary of the information I have received and the opinions that I have formed thus far with respect to the March 18, 2019 workplace injuries to Vincent E. Adkins.

In forming my opinions in this case, I have interviewed Vincent Adkins and have also reviewed all documents reasonably available to the Vincent Adkins, including but not limited to the documents generated as a result of the investigation into Vincent Adkins's injuries as conducted by the United States Department of Labor, Mine Safety and Health Administration.

Based on my education, training, and experience as a mining engineer, a Superintendent of MSHA's National Mine Health & Safety Academy and as a mine safety consultant for labor unions, coal companies, and other organizations involved in mining health and safety on a national basis, I have extensive knowledge and expertise regarding the applicability of the workplace safety statutes, rules, regulations and/or written consensus industry safety standards that governed Vincent Adkins's workplace and work assignments at the time of his injuries. A copy of my curriculum vitae, setting forth my education, training, and experience in surface and underground coal mining operations and regulations is attached hereto as **Exhibit A** to this Verified Statement.

Based on my education, training, and experience and review of the records and citations issued as a result of Vincent Adkins's injuries, I have found as follows: On March 18, 2019, while in the process of installing permanent roof support in the #3 Entry of the #1 Section of the Horse Creek Eagle coal mine, as required by the Defendants, the Plaintiff, Vincent Adkins, received serious, compensable injuries to his head and brain, including fractures, when a 53" T3 roof strap rotated with a drill steel being used to install said strap and struck Vincent Adkins on the left side of his hard hat. As a result, the Plaintiff, Vincent Adkins, sustained a fracture of his skull and facial bones, an epidural hemorrhage with a loss of consciousness, compression of his brain, acute respiratory failure, convulsions, and a traumatic brain injury among other harmful consequences. The root cause of Mr. Adkins' injuries was the Defendants' requiring Mr. Adkins to perform roof bolting tasks that were outside the scope of his work as a shuttle car operator, and the Defendants' failure to train the Plaintiff, Vincent Adkins, on the equipment used to complete the roof bolting tasks, including the Fletcher roof bolter and the Joy 1415 Continuous Miner.

Exhibit
**1**

A number of specific unsafe working conditions were the cause of the injuries to, Vincent Adkins including, at a minimum, that there existed a significant likelihood that an untrained roof bolter would be struck in the head, face and/or body during T3 roof strap installations; the employer required Vincent Adkins to work a job with which he was unfamiliar and unqualified, specifically as a roof bolter operator in #3 Entry of the #1 Section, without providing Mr. Adkins with the appropriate training, including but not limited to task training on the equipment used to complete the roof bolting tasks, including the Fletcher roof bolter and the Joy 1415 Continuous Miner; the employer required Vincent Adkins to work as a roof bolter operator in #3 Entry of the #1 Section without providing appropriate training, including but not limited to task training on the proper and safe installation of T3 roof straps; and the employer had not warned Vincent Adkins of the safety hazards associated with the roof bolting operations for which the Defendants tasked Mr. Adkins.

In requiring Mr. Adkins to perform the work that resulted in serious injuries to his person, Mr. Adkins's employer violated specific statutes, rules, regulations and/or written consensus industry safety standards that were directly related to the specific unsafe working conditions set forth above, including, at a minimum:

1. 30 CFR § 48.7(a)(1);

2. 30 CFR 48.7 (a) (2) (i) and (ii);

3. 30 CFR 48.7 (b);

4. 30 CFR 75.220 (a) (1);

5. 30 CFR 75.362 (a) (1);

6. 30 CFR 75.363 (a);

7. W.Va. Code 22A-2-14;

8. W.Va. C.S.R. 36-10-16; and

9. W.Va. C.S.R. 36-21-4.1

I, Jack Spadaro, being first duly sworn, say that the facts of and opinions contained in the foregoing Verified Statement are true, insofar as they are stated to be on information and belief, and I believe them to be true. I reserve the right to modify or expand on these opinions to the extend additional information becomes available.

Date: ___12/17/2019___          ___Jack Spadaro___
                                Jack Spadaro

STATE OF WEST VIRGINIA,
COUNTY OF LINCOLN, TO WIT:

I, _Deanna Justice_____, in and for the State of West Virginia, do hereby certify that Jack Spadaro known to me to be the person whose name is signed to the foregoing writing, bearing date the _17_ day of _Dec_, 2019 has this day acknowledged the same before me.

Given under my hand and seal this _17_ day of _Dec_, 2019.

_Deanna Justice_
Notary Public

My commission expires: _September 21, 2023_
(SEAL)

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
DEANNA JUSTICE
LINCOLN COUNTY ASSESSORS OFFICE
P.O. BOX 373
HAMLIN, WV 25523
My Commission Expires September 21, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

VINCENT E. ADKINS, ELISHA ADKINS,
his wife, VINCENT M. ADKINS, his son,
and BRIELLA ADKINS, his daughter,

    Plaintiffs,

v.

MARFORK COAL COMPANY, LLC, a
West Virginia corporation,

and

CONTURA ENERGY, INC., a Delaware
corporation,

and

ALPHA NATURAL RESOURCES
SERVICES, LLC,

    Defendants.

Civil Action No. _____

Honorable _____

### AFFIDAVIT OF C. ANDREW EIDSON

Now comes the affiant, C. Andrew Eidson, and being duly sworn states as follows:

1.     I am President and Manager of Contura Energy, LLC;

2.     As President and Manager, I am familiar with the subsidiaries of Alpha Natural Resources, Inc. and the members of the limited liability companies which are its subsidiaries;

3.     Defendant Marfork Coal Company, LLC is a West Virginia limited liability company. The sole member of Marfork Coal Company, LLC is Elk Run Coal Company, LLC;

4.     Elk Run Coal Company, LLC is a West Virginia limited liability company. The sole member of Elk Run Coal Company, LLC is Appalachia Holding Company, LLC;

1

5.   Appalachia Holding Company, LLC is a Virginia limited liability company. Appalachia Holding Company, LLC's sole member is Alpha Appalachia Holdings, LLC;

6.   Alpha Appalachia Holdings, LLC is a Delaware limited liability company. Alpha Appalachia Holdings, LLC's sole member is ANR, Inc.;

7.   ANR, Inc. is a Delaware corporation wholly owned by Alpha Natural Resources Holdings, Inc.;

8.   Alpha Natural Resources Holdings, Inc. is a Delaware corporation wholly owned by Defendant Contura Energy, Inc.;

9.   Contura Energy, Inc.is a Delaware corporation with its principal place of business in Bristol, Tennessee;

10.  Defendant Alpha Natural Resources Services, LLC is a Delaware limited liability company. The members of Alpha Natural Resources Services, LLC, are Alpha Natural Resources, LLC and AMFIRE Holdings, LLC;

11.  Alpha Natural Resources, LLC is a Delaware limited liability company, and its sole member is ANR, Inc., a Delaware corporation with its principal place of business in Bristol, Tennessee;

12.  AMFIRE Holdings, LLC is a Delaware limited liability company with its sole member being AMFIRE, LLC;

13.  AMFIRE LLC's sole member is Maxxum Carbon Resources, LLC;

14.  Maxxum Carbon Resources, LLC sole member is Alpha Natural Resources, LLC; and,

15.  Alpha Natural Resources, LLC's sole member is ANR, Inc., a Delaware corporation with its principal place of business in Bristol, Tennessee.

And further affiant sayeth naught.

_____
C. Andrew Eidson

2

STATE OF _Tennessee_ ,

COUNTY OF _Sullivan_ , **to-wit:**

     Taken, subscribed and sworn to before me, the undersigned Notary Public, this date, April _22_ , 2020.

My commission expires: _9/26/2020_ .

_Melanie Paige Hutton_
**Notary Public**

{SEAL}

3